**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

STATE OF DELAWARE      )
                          )
          v.               )    I.D. Nos. 1712008300
                          )           1707004019
SHAMIR CLARK,          )
                          )
      Defendant.      )

Submitted: May 22, 2024
Decided: June 17, 2024

*Upon Defendant's Motion for Correction of an Illegal Sentence,*
**DENIED.**

**<u>ORDER</u>**

Erika R. Flaschner, Esquire, Deputy Attorney General, Department of Justice, 820 North French Street, Wilmington, DE 19801, Attorney for the State.

Shamir Clark, SBI# 00519158, James T. Vaughn Correctional Center, 1181 Paddock Road, Smyrna, DE 19977, *pro se*.

**WHARTON, J.**

This 17th day of June, 2024, upon consideration of Defendant Shamir Clark's ("Clark") *pro se* Motion for Correction of an Illegal Sentence pursuant to Superior Court Criminal Rule 35(a) ("Motion")[1] and the record in this matter, it appears to the Court that:

1. Clark pled guilty to Drug Dealing in Cocaine, Carrying a Concealed Deadly Weapon, and Possession of a Firearm by a Person Prohibited ("PFBPP").[2] The PFBPP charge occurred on December 14, 2017.[3] The only sentence challenged in the Motion is his sentence on the PFBPP charge. On that charge, he was declared a habitual offender, and, pursuant to 11 *Del. C.* § 4214(c) sentenced to 15 years at Level V on August 10, 2018, the same day he entered his guilty plea.[4] That sentence represented the maximum sentence under 11 *Del. C.* § 1448(e)(1) which the Court was required to impose as a minimum sentence under the provisions of § 4214(c).

2. In his motion, Clark challenges the enhancement of his PFBPP sentence to 15 years from what he argues otherwise would have been a 10 year maximum sentence under § 1448(e)(1)(c).[5] He bases this argument on the fact that one of the charges that the State included in its motion to declare him a habitual was "a title 16

---

[1] D.I. 21. (Docket Item numbers refer to the ID. No 1712008300).
[2] D.I. 12.
[3] D.I. 7.
[4] D.I. 17.
[5] D.I. 21.

offense under § 4754(2)."[6] He contends that "a June 2, 2015 legislative action 'removed all § 4754 offenses.' (as violent felonies from 4201(c))."[7]

3.     The Court observes first that Clark properly was determined to be a habitual offender. He had the requisite number of prior felonies – three - in the proper sequence, with appropriate time intervals after his sentencing on one felony and his commission of the next.[8]

4.     The real question is whether the maximum sentence for the PFBPP charge for which Clark was sentenced as a habitual offender was properly enhanced from eight years to 15. Under § 1448(c), PFBPP is a class D felony with an eight year maximum, unless the defendant "is eligible for sentencing pursuant to subsection (e) of this section, in which case it is a class C felony" with a maximum sentence of 15 years.[9] Subsection (e)(1) imposes minimum mandatory sentences of: (a) three years if the defendant has previously been convicted of a violent felony; (2) five years if the defendant committed the violent felony or was released from confinement for that violent felony within 10 years of the new PFBPP charge; and (3) 10 years if the defendant was convicted previously on two or occasions of a violent felony.[10]

---

[6] *Id.*
[7] *Id.* (quoting the State's response to a Rule 35(a) motion in *State v. Nigel Campbell,* ID No. 1605008552).
[8] *See,* D.I. 14.
[9] 11 *Del. C.* § 1448(c).
[10] 11 *Del. C.* § 1448(e)(1).

5. Any one of those three enhancements results in PFBPP becoming a class C felony with a maximum sentence of 15 years, and, therefore, the minimum sentence a habitual offender must receive under § 4214(c). On September 15, 2008, Clark was sentenced, effective February 17, 2008, to three years at Level V on the charge of Possession of a Firearm During the Commission of a Felony ("PFDFC"), a violent felony.[11] Because Clark previously had been convicted of at least one violent felony – PFDCF – the maximum penalty for his current PFBPP conviction was enhanced to 15 years and his minimum sentence as a habitual offender. Accordingly, his sentence of 15 years on that charge as a habitual offender was not an illegal sentence.

**THEREFORE,** Clark's Motion for Correction of an Illegal Sentence is **DENIED**.

**IT IS SO ORDERED.**

/s/ Ferris W. Wharton
Ferris W. Wharton, J.

---

[11] D.I. 14; 11 *Del. C.* § 4201(c).